IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-02449-CNS-CYC

SILAS PADILLA,

    Plaintiff,

v.

ELIZABETH SCHOOL DISTRICT C-1,

    Defendant.

## ORDER

    Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 39. For the following reasons, the Court DENIES Defendant's motion. In doing so, the Court presumes a reader's familiarity with this case's procedural background, Plaintiff's allegations, and the legal standard governing the Court's analysis of Defendant's dismissal motion. *See* ECF No. 38; *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274–75 (10th Cir. 2023).

    On March 5, 2025, the Court held a hearing on Defendant's motion to dismiss Plaintiff's prior complaint, granting Defendant's motion without prejudice. Plaintiff timely filed his second amended complaint. Defendant's arguments in its instant dismissal motion, *see generally* ECF No. 39, echo those raised in its prior dismissal briefing and raised at the Court's March 5, 2025 hearing. Because Plaintiff has remedied the

1

deficiencies in his allegations discussed at the March 5, 2025 hearing, and contrary to Defendant's arguments, *see generally* ECF No. 39, his claims are plausible and survive dismissal.

*First*, Defendant argues generically that Plaintiff "resorts to speculation, conjecture, and unsupported argument, hoping that the survival of his claims will lead to discovery of evidence." ECF No. 39 at 6; *see also id.* at 7 ("Most of the newly included allegations . . . are conclusory and speculative."). The Court rejects this argument. Discussed below, reading Plaintiff's well-pleaded allegations in their entirety, and drawing all inferences from them in Plaintiff's favor, *see, e.g., Clinton*, 63 F.4th at 1274–75, Plaintiff has done more than resort "to speculation." ECF No. 39 at 6. Regardless, "[a]t the motion to dismiss stage, [the Court is] tasked with assessing plausibility, not proof." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1219 (10th Cir. 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

*Second*, Defendant argues "Plaintiff has failed to allege a claim for relief in violation of" Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and Colorado's Anti-Discrimination Act. ECF No. 39 at 7. The Court disagrees. Accepting Defendant's invitation to analyze these claims together, *see id.*, Plaintiff has plausibly pleaded claims under Section 504, the ADA, and CADA. *See also Kimble v. Douglas Cnty. Sch. Dist. RE-1*, 925 F. Supp. 2d 1176, 1182 (D. Colo. 2013); *Tesmer v. Colorado High Sch. Activities Ass'n*, 140 P.3d 249, 253 (Colo. App. 2006).

Plaintiff's claims, following Plaintiff's most recent amendment, are premised on allegations beyond the "October 19, 2022, injury," ECF No. 39 at 8, and their crux is not

2

simply a "theory of negligence," *id. See also id.* at 9 (arguing Plaintiff's claims "are connected to the personal injury he allegedly suffered because of ineffective paraprofessional supervision"). Plaintiff alleges that since 2021, Defendant has operated a "policy, custom, or practice of denying [him] reasonable accommodations by failing to provide one-on-one supervision constantly and consistently throughout the day." ECF No. 38 at 3 ¶ 18. Further, and specifically, Plaintiff alleges Defendant "fail[ed] to ensure a trained nurse is available throughout the entire school day," "fail[ed] to provide sufficient special education teachers," as well as that Defendant's failures "to supervise [Plaintiff's] safety were a recurrent problem throughout his enrollment," manifested in part by Defendant's "fail[ure] to respond or to change" procedures attendant to allegedly untrained paraprofessionals. *Id.* at 4 ¶¶ 22–25. Compounding these alleged failures, Defendant has "repeatedly misrepresented that [it] fulfill[ed] [Plaintiff's] accommodations in communications" with his mother. *Id.* at 5 ¶ 31; *see also id.* at 14 ¶ 103 (alleging Defendant failed "to ensure that disabled children like [Plaintiff] *receive[d] the services which [Defendant] itself agreed to provide*," and that Defendant "deci[ded] to hide that fact from parents like" Plaintiff's mother) (emphasis added); ECF No 42 at 8.

To the extent Defendant directs the Court to allegations about the October 19, 2022 incident, Plaintiff clearly alleges it is "[t]he most grievous *example*," *id.* at 6 ¶ 33 (emphasis added), of Defendant's chronic "fail[ure] to fulfill its obligations to disabled children," including Plaintiff, *id.* at 6 ¶ 32. *Cf., e.g.,* ECF No. 43 at 4–5. Moreover, Plaintiff's allegations refute Defendant's argument that there is "a lack of clarity" as to whether

3

"accommodations have been made," and that on this basis dismissal is required. ECF No. 39 at 5; ECF No. 43 at 4. *Cf., e.g.,* ECF No. 38 at 3 ¶ 17.

At bottom, Plaintiff's claims are premised on more than "an isolated incident of simple negligence," ECF No. 39 at 9, and accepting his allegations as true, Defendants fail to persuade that these allegations lack "sufficient detail to state plausible claims for relief." ECF No. 39 at 8. *See also Dixon v. Bd. of Trs. of Metro. State Univ. of Denver Colorado*, No. 23-cv-00606-RMR-STV, 2023 WL 11862296, at *6 (D. Colo. Oct. 27, 2023), *report and recommendation adopted*, No. 23-CV-00606-RMR-STV, 2023 WL 11862298 (D. Colo. Nov. 14, 2023) ("Plaintiff has plausibly alleged a disability and provided facts detailing the accommodation sought and requested, and the failure of Defendant to provide that accommodation."); *Wood v. Indep. Sch., Dist. No. 5 of Tulsa Cnty., Oklahoma*, No. 24-cv-00098-CDL, 2024 WL 5191292, at *4–5 (N.D. Okla. Dec. 20, 2024) Accordingly, dismissal of Plaintiff's Section 504, ADA, and CADA claims is improper.

*Second*, the parties dispute whether Plaintiff's § 1983 claim is preempted by the ADA and Section 504 claims. *Compare* ECF No. 39 at 11, *with* ECF No. 42 at 9. The Court agrees with Plaintiff that his § 1983 claim is not preempted. *See, e.g., Notari v. Denver Water Dep't*, 971 F.2d 585, 588 (10th Cir. 1992), *abrogated on other grounds by Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303 (2025); *Bullington v. Bedford Cnty., Tennessee*, 905 F.3d 467, 473 (6th Cir. 2018) ("[W]e conclude that the Congress did not intend, by enacting the ADA, to preclude § 1983 claims for disability discrimination."). Notably, Defendant does not contend with *Bullington* and the cases it collected in support

of its preemption conclusion. *See generally* ECF No. 43. And while the Court agrees with Defendant that *Notari* concerned § 1983 and Title VII claims, *see id.* at 9, because the "analysis for claims under Title VII and the ADA is nearly identical," *Mitchell v. Ascension Via Christi Hosp. St. Teresa, Inc.*, No. 2:24-cv-02052-EFM-TJJ, 2024 WL 4006115, at *3 (D. Kan. Aug. 30, 2024), the Court finds *Notari*'s reasoning persuasive and consistent with *Bullington*'s thorough analysis of this issue.

To the extent Defendant argues there is a circuit split as to preemption, the Court is persuaded by *Bullington* and the numerous cases it discussed that Plaintiff's claims are not preempted, given the constitutional nature of his § 1983 claim and the well-pleaded allegations upon which it is premised. *Cf.* ECF No. 43 at 9. Indeed, Defendant relies too heavily on *Williams v. Pennsylvania Hum. Rels. Comm'n*, 870 F.3d 294, 300 n.34 (3d Cir. 2017), since *Williams* left open the permissibility of asserting constitutional claims where, as here, those claims' assertion do not solely depend on statutory violations. *Id.* ("Given that Williams premised her § 1983 claims *solely on violations of Title VII and the ADA*, we need not address whether a plaintiff may allege independent *constitutional* violations under § 1983 based on the same underlying fact.") (first emphasis added).

As such, Plaintiff's § 1983 is not preempted. Especially where, discussed above, Defendant errs in arguing that Plaintiff has "fail[ed] to allege any additional instances of inappropriate conduct beyond" the October 19, 2022 incident. ECF No. 39 at 12.

*Third*, Defendant argues Plaintiff has "failed to allege a claim for relief" for an Equal Protection Clause violation under § 1983. ECF No. 39 at 12. According to Defendant, Plaintiff has pleaded no improper "custom, policy, or practice" for which it may be liable,

*see Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1124 (10th Cir. 2008), especially where Plaintiff's claims are premised on a "single alleged supervision incident," ECF No. 39 at 13. The Court disagrees.

Presuming familiarity with the legal standard governing Plaintiff's § 1983 claim, *see, e.g., Cacioppo v. Town of Vail, Colo.*, 528 F. App'x 929, 931 (10th Cir. 2013), Plaintiff has plausibly alleged Defendant had a custom, policy, or practice of failing to "ensure adequate staffing and sufficiently trained staff to supervise disabled students," including Plaintiff, as well as a custom, policy, or practice of failing "to provide medical staff to ensure disabled children are cared for during school hours." ECF No. 38 at 22 ¶¶ 171–72; *see also* ECF No. 42 at 12. And reading Plaintiff's allegations in their entirety, he has further alleged that Defendant maintained its policies with deliberate indifference in manner that was the moving force behind Plaintiff's injury, given Defendant's alleged customs, policies, or practices of routinely failing to provide and ensure adequate accommodations "amounted to deliberate disregard of the harms that [they] posed to . . . disabled individuals" such as Plaintiff, and "these harms presented an obvious potential for constitutional violations." *Est. of Hebert by & through Bourgeois v. Marinelli*, No. 1:22-cv-02582-CNS-STV, 2023 WL 4744927, at *12 (D. Colo. July 25, 2023). *See also Barney v. Pulsipher*, 143 F.3d 1299, 1307–08 (10th Cir. 1998) ("[D]eliberate indifference may be found . . . if a violation of federal rights is a highly predictable or plainly obvious consequence of . . . action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations" (citation omitted)); *Schneider v. City of*

6

*Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013) ("A plaintiff [must] establish the requisite causal connection by showing the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." (quotations omitted)).

And to the extent Defendant argues Plaintiff has not pleaded a plausible § 1983 claim based on the actions of individual employees, including but not limited to Mr. Bernard, this argument fails to persuade. *See, e.g., Hebert*, 2023 WL 4744927, at *12; *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1285 (10th Cir. 2007) ("[A] municipality is responsible for [the] actions taken by subordinate employees in conformance with preexisting official policies or customs."); *but see* ECF No. 39 at 14.

\* \* \*

Indicated above, Defendant's dismissal arguments are familiar, given they are substantially similar to those raised in the parties' prior dismissal briefing and at the Court's March 5, 2025 hearing. *See, e.g.,* ECF No. 39 at 3 (arguing "Plaintiff's allegations still center around the purported standard of care [and that] Plaintiff's § 1983 claim is preempted"). Indeed, Defendant argues repeatedly in its motion that dismissal is proper because Plaintiff's allegations essentially concern a "singular incident." ECF No. 39 at 14. *See also id.* at 8; ECF No. 43 at 5. But that's wrong—Plaintiff's well-pleaded amendments identify more than a single incident upon which his claims are based.

The Court does "not know what discovery may bring. But that is not [its] concern." *Chilcoat*, 41 F.4th at 1219. At this stage, the Court asks simply whether Plaintiff's allegations clear the "low bar for surviving a motion to dismiss." *Id.* (quotations omitted);

7

*see also Griffith v. El Paso Cnty., Colorado*, 129 F.4th 790, 836 (10th Cir. 2025) (observing "the high burden that must be met by a defendant who moves to dismiss at the pleading stage") (Ebel, J., concurring). They do. *See also Herbert*, 2023 WL 4744927, at *12 (denying a motion to dismiss even where it "[was] a close call" that plaintiff "alleged enough factual content" to set forth claim); *Woods v. City of Greensboro*, 855 F.3d 639, 652 (4th Cir. 2017) ("Whether [Plaintiff] will have a difficult time establishing the merits of his] claim is of little import now.").

Consistent with the above analysis, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 39, is DENIED.

DATED this 5th day of September 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge